NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE FELIPE IZARRARAZ CASTRO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-399

Agency No.
A205-465-661

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2023**
San Francisco, California

Before: GOULD, KOH, and DESAI, Circuit Judges.

Jose Felipe Izarraraz Castro, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("Board") decision denying his application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The Board's denial of withholding of removal claims is reviewed for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We "must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* Where, as here, the Board affirms a decision by an Immigration Judge ("IJ") without an opinion, "we review the IJ's decision as if it were the [Board]'s decision." *Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009). We deny relief.

1. Mr. Izarraraz Castro claims that the IJ did not have jurisdiction because his Notice to Appear ("NTA") lacked the time, place, and location of the proceeding. The government properly argues that this claim is unexhausted. *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023) (holding the exhaustion requirement is a non-jurisdictional claim-processing rule); *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (explaining that a court must enforce a claim-processing rule "if a party properly raises it" (cleaned up)). Had Mr. Izarraraz Castro raised his claim to the Board, it would nevertheless be foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191–92 (9th Cir. 2022) (en banc) (holding that a defective NTA does not deprive immigration court of subject-matter jurisdiction).

2. Substantial evidence supports the IJ's decision to deny Mr. Izarraraz Castro's application for withholding of removal. To qualify for withholding of removal, "a petitioner must prove a causal nexus between one of [his] statutorily

protected characteristics and either [his] past harm or [his] objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). Even assuming this claim is properly exhausted, substantial evidence supports the IJ's finding that Mr. Izarraraz Castro did not sufficiently allege a nexus between a protected ground and his alleged fear of persecution. While Mr. Izarraraz Castro testified that he feared returning to Mexico because of violence experienced by his extended family members, he presented no evidence demonstrating that he would be targeted in Mexico because of his family ties. Nor can Mr. Izarraraz Castro's alleged fears of persecution based on generalized violence and organized crime in Mexico establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a non-citizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

The petition for review is **DENIED.**